## Union Stock Yards & Transit Company v. Joseph Karlik.

1. HIGHWAY—*Burden of Proof in Actions for Personal Injuries.*— Evidence that a strip of land, although filled with railway tracks and not traveled by teams was, however, traveled daily by a great many persons on foot in going to and from the various industries in which they were employed, who without contradiction spoke of it as a street, is sufficient to warrant the submission to a jury of the question of fact whether the location of an accident was or was not in a public highway.

2. NEGLIGENCE—*Brakemen on Freight Trains.*—The failure of a railroad company to keep a brakeman upon the hindmost car of a freight train, while in motion, as required by section 90, chapter 114, R. S., is negligence.

3. VERDICTS—*On Questions of Fact, Conclusive.*—In an action for personal injuries the questions as to whether the plaintiff was, at the time of the injury, a trespasser upon the defendants' premises, or was guilty of contributory negligence, are questions of fact for the jury, and its verdict upon competent evidence is conclusive as to such questions.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; The Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

FRANK O. LOWDEN, attorney for appellant.

JONES & LUSK, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee recovered a verdict and judgment for $2,000 for personal injuries received by him by being run upon by one of appellant's trains that was "backing up" on its tracks on what is alleged to be Loomis street, between 42d and 43d streets, in what may be called the Stock Yards District.

The appellant offered no evidence, and the case went to the jury just as it was made by the appellee.

The amount of damages is not questioned, if any recovery may be had, but the appellant contends that appellee was a trespasser, and, there being no evidence of wantonness or willfulness, or of gross negligence amounting to such, in law, on the part of appellant, that no recovery should have been had; and also that appellee himself was guilty of such contributory negligence as barred his right to recover.

The appellee was, on the day of the accident, working for Swift and Company, the packers, and quitting his day's job at two o'clock in the afternoon, started from the office where he deposited his time check to go home, and in so doing walked across and along railway tracks which, as claimed by appellee and denied by appellant, lay in Loomis street between 42d and 43d streets. Unaided by a diagram it is hardly possible for one not acquainted with the immediate locality to describe the physical situation with any approach to accuracy, and we will not attempt it.

He seems to have entered upon the tracks at 42d street, and gone south on a track upon which, before he had gone far, a locomotive approached from the south and required

him to step aside. He then turned partly to the left and proceeded diagonally in a southeasterly direction past the back end of a standing freight train and entered upon the track on which such train stood, and proceeded along. Before he had gone many steps on that track, the train backed up and ran over him.

The chief point in the case was whether the tracks in question were in a highway, or in other words, whether appellee was a trespasser. They were located in what was generally spoken of in the vicinity as Loomis street.

There is no evidence in the record that the grounds upon which the tracks were laid were private property.

It was proved that Loomis street, as a public highway, existed for long distances both to the north and south of, and on a line with, the strip of land upon which the tracks in question were laid. But it appears that this strip of land running north from about 45th street to 40th street, is filled with railway tracks, and is not traveled by teams.

It is, however, traveled daily by a great many persons on foot in going to and from the various stock yards industries—the evidence showing without contradiction, that from 1,500 to 2,000 people walk there, to and fro, every day. And all of the witnesses who testified spoke of it as Loomis street.

We think there was sufficient evidence to warrant a submission to the jury of the question of fact whether the location of the accident was or not in a public highway. Certainly the appellant was bound to take notice of the use the people in the neighborhood had made daily, for years, of what was known to them as a highway, and it seems to be quite clear that the burden was shifted upon the appellant to show in some way, if it could, that the tracks were laid upon its own property, although it is not clear that if it had so shown it would have been an effectual defense. P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406.

The plaintiff in one count of his declaration set forth the negligence of appellant as consisting in the operation of said train without a brakeman upon the hindmost car, as

required by Sec. 90, Chap. 114, R. S., and the evidence showed that there was no brakeman there.

It is manifest that if there had been a brakeman so stationed, timely warning of the backing up of the train might have been given to appellee, and his injury avoided.

Was the appellee a trespasser, was there negligence by the appellant, and was appellee guilty of contributory negligence, are, severally, questions of fact which the jury has answered in favor of the appellee upon what we regard was competent evidence, and no other questions having been argued, we must affirm the judgment.

Mr. Justice Gary.

With the doctrine of comparative negligence discarded, the right to recover under circumstances as shown in this record, is very doubtful.